UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY M. G.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. **3:26-cv-05287-BAT**

ORDER REVERSING AND
REMANDING FOR FURTHER
PROCEEDINGS

Plaintiff appeals the ALJ's August 6, 2025 decision finding her not disabled. Plaintiff applied for supplemental security benefits in June 2022. Tr. 78. After conducting a hearing in July 2025, the ALJ issued a decision finding Plaintiff has not engaged in substantial work activity since June 15, 2022; Plaintiff's degenerative disc disease of the lumbar spine, mild neurocognitive disorder without behavior disturbance, remote history of cerebrovascular accident and substance abuse disorder are severe impairments; these impairments do not meet or equal the severity of a listed impairment; Plaintiff has the residual functional capacity (RFC) to perform medium work, except she is limited to standing and walking 6 hours, can occasional stoop, kneel, crawl and climb steps and ladders and can understand, remember and carry out simple instructions and can deal with occasional changes in a routine work setting  has severe

ORDER REVERSING - 1

impairments; and Plaintiff has no relevant past work but is not disabled because she can perform jobs in the national economy that exist in significant numbers. Tr. 20-30.

Plaintiff contends the ALJ harmfully (1) discounted the consultative examining opinions of ARNP Mary Miller, and Susan Burke, Ph.D. and (2) failed to account for Plaintiff's moderate limitations in maintaining concentration, persistence and pace in determining RFC. *See* Dkt. 10. The Commissioner filed his response opposing Petitioner's contentions on June 23, 2026, and the matter became ripe for the Court's review on July 8, 2026. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    Consultative Examining Opinions of ARNP Miller and Dr. Burke**

Plaintiff applied for benefits in 2022 and the ALJ was thus required to articulate the persuasiveness of each medical opinion and explain how the ALJ considered each opinion's supportability and consistency. The ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1.    ARNP Miller*

Plaintiff argues the ALJ erroneously discounted ARNP Miller's opinions about Plaintiff's physical limitations. ARNP Miller performed a "Physical Evaluation," Tr. 584, found Plaintiff who was 60 years of age at the time of examination was frail and "severely underweight," and opined Plaintiff was limited to (1) no more than 2 hours of standing and walking due to "frailty and shortness of breath with normal activities"; (2) lifting of no more than 20 pounds occasionally and 10 pounds frequently due to "frailty and past history of stroke"; (3) no

ORDER REVERSING - 2

climbing, stooping, kneeling, crouching, etc. due to "frailty and history of stroke with right side still somewhat affected"; and (4) workplace environmental limitations due to history of stroke and "right side affected." Tr. 584-589.

The ALJ rejected the ARNP's opinion on the grounds the ARNP's exam showed Plaintiff has overall normal strength and range of movement, and Plaintiff's gait and tandem walk were normal. Tr. 28. The ALJ did not explain why these findings contradict the ARNP's opinion that Plaintiff who weighed 93 pounds on exam, and had suffered a stroke was limited to less than light work, or how the ARNP's exam shows Plaintiff, a 60-year old woman, can perform medium work which requires the ability to frequently lift 25 pounds and no more than 50 pounds. *See* SSR 83-10. That Plaintiff could perform tandem walking in an exam room, get off the exam table and had normal strength and range of motion do not show she can stand or walk for 6 hours or meet the lifting and carrying abilities required to perform for medium level of work.

The ALJ also discounted ARNP Miller's opinion as inconsistent with the record which showed Plaintiff had an ER visit in which, upon released to her daughter, Plaintiff walked with a steady and stable gait. ARNP Miller did not opine Plaintiff could not walk or could not walk with a steady and stable gait. Rather she opined Plaintiff was limited to walking and standing no more than two hours. The ARNP's opinion is not contradicted by ER staff observations that Plaintiff walked away from the ER with her daughter. This observation would involve a few minutes at most and there is no indication the ER staff observed Plaintiff walking for more than two hours.

The Court accordingly finds substantial evidence does not support the ALJ's determination to discount ARNP Miller's opinions about Plaintiff's physical limitations.

ORDER REVERSING - 3

### 2.    *Dr. Burke*

After examining Plaintiff, Dr. Burke found Plaintiff has moderate (borderline) auditory, visual and immediate memory functioning and poor (extreme) delayed memory functioning. Tr. 598. The doctor noted Plaintiff's history of stroke and "there is no specific medical treatments to help reverse memory loss that occurs after a stroke." *Id.* In assessing Plaintiff's ability to perform basic work activity, Dr. Burke opined Plaintiff was moderately limited in her ability to understand, remember and persist in tasks after short and simple instructions, perform routine tasks without supervision, adapt to work changes, make simple work decisions, communicate and perform effectively in a work setting. Tr. 600. The doctor opined Plaintiff was markedly limited in her ability to understand and persist in tasks after detailed instructions, perform work within a schedule, maintain regular attendance and be punctual, learn new tasks, maintain appropriate behavior and complete a normal workday. *Id.* Overall, Dr. Burke opined Plaintiff was moderately impaired in her ability to perform work activity. *Id.*

The ALJ discounted Dr. Burke's opinions first finding they were not supported by the doctor's findings which showed Plaintiff was euthymic, had unremarkable thought process, was oriented, had poor remote memory, could not perform serial 7 or 3 tests, and could complete a three-step command. Tr. 28. The ALJ found Plaintiff's deficits in memory and concentration limit Plaintiff to work involving simple tasks after simple instructions, and Plaintiff's ability to cook and "do all her own self-care" and her ability to self-soothe her anxiety is inconsistent with being markedly limited. *Id.*

Plaintiff argues the ALJ erroneously found Dr. Burke's findings did not support his opinion. However, Dr. Burke found: (1) Plaintiff's attitude and general behavior was appropriate although she had some memory problems; (2) her mood and affect was euthymic (stable and

ORDER REVERSING - 4

balanced); (3) her thought content was unremarkable; (4) her perception and orientation was normal; (5) she had some memory issues; (6) her fund of knowledge was poor; (7) her concentration, attention and abstract thinking were poor; (8) her insight and judgment were unremarkable; (9) she has normal intelligence and she can perform activities of daily living; (10) she has multiple close friends; (11) as to concentration, pace and persistence, Plaintiff can read for 30 minutes, stand for an hour, walk 20 minutes, drive 45 minutes, use a phone or computer for more than 3 hours and watch TV for more than 3 hours; (12) she did not have problems attending to the test problems or understanding directions; (13) she did not complete all tests and her test scores may underrepresent her true abilities; (14) there is no evidence of deterioration or decompensation; and (15) she denies mental health symptoms or emotional concerns. Tr. 594-598.

The Court cannot say it was unreasonable for the ALJ to find the doctor's findings are inconsistent with an opinion that Plaintiff has marked mental limitations. The doctor did note Plaintiff's memory problems and short attention span, but the ALJ acknowledged this and concluded these problems would limit Plaintiff to work involving simple instructions and occasional changes in the work setting. The Court cannot say the ALJ unreasonably rejected the "marked" limitations, and unreasonably rejected most of the moderate limitations that Dr. Burke assessed given the exam findings or failed to account for Plaintiff's assessed memory problems and short attention span. The Court accordingly affirms the ALJ's assessment of Dr. Burke's opinions.

**B.      Moderate Limitations in Maintaining, Concentration, Persistence and Pace**

Plaintiff contends the ALJ harmfully failed to account for her moderate limitations in concentration, pace and persistence (CPP) in determining RFC. She first argues the ALJ found at

ORDER REVERSING - 5

step three she was moderately limited in CPP. The Court rejects the argument because the step three finding is not an RFC determination. Second, Plaintiff argues Dr. Burke found she was markedly limited in her ability to complete a normal workday and this supports CPP limitations. But as discussed above, the ALJ reasonably discounted Dr. Burke's opinions. The Court accordingly finds the ALJ did not err in failing to account for CPP limitations.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

The Court affirms the ALJ's assessment of Dr. Burke's opinions. On remand, the ALJ shall reassess the opinions of ARNP Miller, develop the record and redetermine RFC as necessary and proceed to the remaining steps of the sequential evaluation process as appropriate.

DATED this 13th day of July, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING - 6